DA 07-0699

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 457N

MICHAEL F. REEVES,

      Plaintiff and Appellee,

  v.

RANDY R. BAILEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 05-228
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Randy R. Bailey, (self-represented); Stevensville, Montana

      For Appellee:

          Howard F. Recht; Recht & Recht, P.C.; Hamilton, Montana

Submitted on Briefs:  December 17, 2008

Decided:  December 31, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Randy R. Bailey appeals the District Court's Findings of Fact, Conclusions of Law, and Decree Quieting Title to Real Property issued after a bench trial. Plaintiff Michael F. Reeves initiated this action against Bailey in 2005 seeking a declaratory judgment that Bailey had no interest in a parcel of property owned by Reeves. Bailey counterclaimed, seeking specific performance of an alleged agreement. In February 2006, the District Court denied Reeves's motion for partial summary judgment and ruled in favor of Bailey on several issues. The court held that an agreement existed between the parties, but concluded that:

> There are certain terms and conditions under the Buy-Sell Agreement that must be fulfilled within a specified time frame in order for the Agreement to remain in effect, including delivery of earnest money and the providing of a pre-approval letter from Bailey's lender within 10 days of the date of acceptance of the counteroffer. . . . Bailey must carry out these terms as provided under the Buy-Sell Agreement within the specified time frames, from the date of this *Opinion & Order*, in order for the Agreement to remain effective.

¶3     On February 21, 2006, Reeves filed a Notice of Noncompliance with the District Court asserting that Bailey did not comply with the conditions of the agreement, as

2

specified in the court's order. On February 27, 2006, Reeves filed the transcript of a deposition of his real estate agent which supported the allegations contained in the Notice of Noncompliance. Reeves also objected to Bailey's Motion for Award of Attorney Fees and Entry of Judgment on the grounds that Bailey had failed to comply with the conditions under the agreement. On April 20, 2006, the District Court denied Bailey's motion, given the allegations of notice of noncompliance. After further motions, the court concluded that the issue of whether Bailey was entitled to specific performance of the agreement could not be decided without a trial.

¶4 A trial was conducted on August 2, 2007, after which the District Court entered its Findings of Fact, Conclusions of Law, & Decree Quieting Title to Real Property. The District Court held that Reeves was entitled to a decree quieting title in his name because Bailey had failed to perform the conditions of the agreement.

¶5 On appeal, Bailey argues that Reeves did not follow procedural requirements. Bailey argues that after the denial of partial summary judgment, Reeves was limited to filing a motion for relief from judgment or appealing the order, and that Reeves should not have been allowed to file the deposition with the District Court. However, as the District Court explained, the propriety of specific performance as requested by Bailey remained an issue even after the court's order in February 2006, holding that an agreement existed. Thus, it was not error for the District Court to examine whether Bailey had satisfied the conditions necessary to support his request for specific performance, and to order a trial on this issue. While Bailey portrays the issue of his

3

compliance with the conditions as having been decided in April 2006, the court did not and could not decide that issue until after trial.

¶6 As to Bailey's argument that the filing of the deposition was improper, the District Court's August 2006 order states that "Bailey did not object to the filing of the deposition at the hearing on February 27, 2006." Thus, Bailey waived any objection to the filing. Further, as a trial was ultimately held regarding the issues addressed in the deposition, Bailey has not demonstrated that he was prejudiced by its filing.

¶7 Bailey disagrees with the District Court's findings and conclusions, arguing that he complied with the conditions of the agreement. Without addressing all of the reasons why Bailey's argument lacks merit, Bailey's noncompliance is proven by his admitted failure to provide a loan pre-approval letter. Bailey offers a number of reasons why he failed to provide the required loan pre-approval letter, but the District Court rejected Bailey's reasons for this failure to comply with the agreement, and the District Court's findings of fact and conclusions of law in this regard are well supported.

¶8 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

4

¶9     We affirm the judgment of the District Court.


                                        /S/ JIM RICE


We concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS